IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROSEANN MERWORTH, Plaintiff, v. SMITH'S FOOD AND DRUG CENTERS, INC., Defendant. | MEMORANDUM DECISION AND ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF DIVERSITY JURISDICTION<br><br>Case No. 2:25-cv-00899-JNP<br><br>District Judge Jill N. Parrish |

The court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Here, the court has reason to doubt that it has subject matter jurisdiction to hear this case.

Plaintiff Roseann Merworth sued defendant Smith's Food and Drug Centers, Inc. in Utah state court for negligence. Smith's Food removed this action to federal court, asserting diversity jurisdiction. In its notice of removal, Smith's Food claimed that Merworth is a citizen of Utah and that it is a citizen of Ohio because it is incorporated in that state and has its principal place of business there. But Smith's Food's assertion regarding its principal place of business is suspect. This court recently found that Smith's Food had failed to carry its burden to show that its principal place of business was in Ohio rather than Utah. *Davis v. Smith's Food & Drug Ctr., Inc.*, No. 2:22-cv-00675-JNP-DAO, 2023 WL 4764008, at *4 (D. Utah July 26, 2023). If Smith's Foods has its principal place of business in Utah, it would be a citizen of this state, and the court would not have subject matter jurisdiction over this case. *See* 28 U.S.C. § 1332(a)(1), (c)(1).

"Where the district court has doubts about whether diversity exists, the district court may 'insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify its allegations by a preponderance of evidence.'" *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) (citation modified); *accord Hall v. Rental Assocs., Inc.*, 266 U.S. App. D.C. 120, 833 F.2d 370 (1987) (unpublished table decision) (holding that a magistrate judge did not err by dismissing an action for lack of jurisdiction after sua sponte questioning an assertion regarding a corporation's principal place of business and holding an evidentiary hearing). The court ORDERS Smith's Foods to show cause why this court should not remand this action to state court for lack of diversity jurisdiction. Smith's Foods must file a brief and any supporting evidence by December 22, 2025. Merworth may file any response by January 12, 2026.

DATED December 3, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge